IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Pegi Roberts,<br><br>                Plaintiff,<br><br>vs.<br><br>Newberry College,<br><br>                Defendant. | Civil Action No. 7:08-30198-GRA-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

     This matter is before the Court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 5.] In her amended complaint, the plaintiff alleges that she was discriminated against on account of her gender and wrongfully discharged in breach of contractual obligations in the defendant's employee handbook. The defendant has moved to dismiss the plaintiff's claims.

     Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## LEGAL STANDARD

     Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

**DISCUSSION**

The defendant has moved to dismiss the plaintiff's South Carolina Human Affairs Commission Law (SHAC) claim. The defendant contends that this claim is barred by the applicable statute of limitations. S.C. Code § 1-13-90(d)(6). The plaintiff does not dispute the argument. (See generally Pl. Resp.) Accordingly, the Court recommends dismissal of the SHAC claim based on the motion, filings of record, and the plaintiff's implicit consent.

The plaintiff, however, contends that her entire case should not be dismissed insofar as a federal cause of action, pursuant to Title VII, 42 U.S.C. § 2000 *et seq*., remains. Specifically, the plaintiff has put forward evidence that she amended and served her Complaint, as a matter of right, to include such a claim, *see* S.C. R. Civ. P. 15(a), <u>prior to removal of the case to federal court</u>. The Court agrees that the plaintiff's case presently includes a gender discrimination claim pursuant to Title VII. (See Pl. Resp. Ex. A.) Pursuant to Rule 15 of the South Carolina Rules of Civil Procedure, the plaintiff had a right to amend her complaint without leave of court, prior to the filing of a responsive pleading, and did so before the case was removed. *Id*. In fact, that right would have continued even after removal. *See, e.g., Harris v. Archer Daniels Midland Co.*, 2006 WL 963551, at *3 (D. Kan. April 13, 2006) ("Similarly, the removal petition did not serve to cut off plaintiffs' right to amend their complaint once as a matter of course.") The defendant does not really contend otherwise.

Rather, the defendant contends that any such Title VII claim is also barred by the applicable statute of limitations. Specifically, Title VII requires a plaintiff to file a lawsuit within 90 days of receipt of a notice of the dismissal of her administrative charge filed with the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(f)(1). The defendant argues that the plaintiff's Title VII claim, therefore, is time barred because she pled her Title VII claim, with her Amended Complaint, in state court on September 9, 2008, more than 90 days after her receipt of the Dismissal and Notice of Rights, on May 22,

2008 [Doc. 1, Attach. 1 at 6]. The defendant, further, contends that the amended complaint cannot relate back to the filing date of the original complaint, August 7, 2008, because that original complaint was based exclusively on the SHAC claim, which was untimely when filed. *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005).

The Seventh Circuit, in *Williams*, held that an untimely amended claim cannot be saved by relation back to the filing date of the original complaint, if the claim in the original complaint was also untimely when filed. *Id*. "In order to benefit from Fed. R. Civ. P. 15(c)'s 'relation back' doctrine, the original complaint must have been timely filed." *Id*. Other courts have agreed. *See Papenthien v. Papenthien*, 16 F. Supp. 2d 1235, 1241 (S.D. Cal. 1998). The Court in *Papenthien* stated:

> It strains reason to argue that one untimely complaint can be saved by relating back to another untimely complaint. Stated otherwise, it simply makes no sense to hold that a complaint that was dead on arrival can breathe life into another complaint.

*Id*. Although the Fourth Circuit apparently has never squarely addressed the matter and although the Honorable Ross Anderson has reserved judgment on the matter in a separate case, *Beeker v. Advanced Technology Services, Inc.*, No. 6:08-3045-GRA-BHH [Doc. 35 (March 5, 2009)], this Court recommends, here, that the policy expressed in *Williams* and other cases is a sound one.

It would seem a peculiar result that a complaint which is essentially *void abinitio* upon filing might "act as a lifeline for a later complaint," which is also untimely. *Henderson v. Bolanda*, 253 F.3d 928, 931-32 (7th Cir.2001). The original complaint, in this case, was never legally viable, as its sole cause of action under SHAC was filed out of time. So, there is effectively nothing for the Title VII claim, pled in the amended complaint, to relate back to. To the extent the original complaint can be said to have any substance or essential character at all, it is in its untimeliness. So, viewed another way, when the untimely claim of the amended complaint reaches back, in time, all it finds, with which to relate, is more untimeliness. The Court sees no way in which such untimeliness can produce, from its own

deficiency, new timeliness. Accordingly, it is the recommendation of this Court that the plaintiff's Title VII claim is untimely and should, therefore, be dismissed.

### *State Law Claim for Breach of Contract*

Lastly, the defendant contends that the plaintiff's claim for breach of contract must be dismissed because she has not alleged any facts which, if proven and believed, would establish the existence of a contract. The defendant also contends that the plaintiff has failed to plead any breach of that contract, even to the extent the Court finds that she has pled its existence in the first instance.

Having found the plaintiff's federal claim untimely, the Court declines to exercise jurisdiction over the plaintiff's state law claim for breach of contract. *See* 28 U.S.C. § 1367(c); *see United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . . Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.")*; see, e.g., Patterson v. City of Columbia*, 2003 WL 23901761, at *5 (D.S.C. Dec 29, 2003) ("Patterson has raised various state law claims against all Defendants. Because the federal claims must be dismissed, the court declines to exercise jurisdiction over the remaining state law claims.") This is especially prudent insofar as the plaintiff's federal claim in this case was never viable for its untimeliness. The lawsuit has never contained anything more than a state law claim for breach of contract, if any at all. The Court, therefore, recommends that the state law claim for breach of contract be remanded to state court.

**CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendant's motion to dismiss [Doc. 5] should be GRANTED as to the plaintiff's South Carolina Human Affairs Law and Title VII claims and that those claims should be dismissed *with prejudice*. It is further recommended that the district court decline to exercise supplemental jurisdiction and that the plaintiff's state law claim for breach of contract be REMANDED to state court.

                                                              _____
                                                              BRUCE H. HENDRICKS
                                                              UNITED STATES MAGISTRATE JUDGE

March 10, 2009
Greenville, South Carolina