IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

|  |  |  |
|---|---|---|
| Pegi Roberts, | ) | |
| | ) | C/A No. 7:08-3198-GRA-BHH |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| Newberry College, | ) | |
| Defendant. | ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on March 10, 2009 made in accordance with Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C. On September 18, 2008, the defendant moved to dismiss the amended complaint. The plaintiff responded on November 5, 2008 after being granted an extension.

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation

to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The plaintiff failed to respond to the Report and Recommendation and accordingly, this Court need not offer any explanation for adopting the Report and Recommendation. However, the Court notes that in issuing this decision, it expressly adopts the magistrate's recommendation that an untimely amended claim cannot be saved by relation back to the filing date of the original complaint, if the claim in the original complaint was also untimely when filed. *Cf. Williams v. Lampe,* 399 F.3d 867, 870 (7th Cir. 2005).

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

Based upon the foregoing, the defendant's motion to dismiss is GRANTED as to the plaintiff's South Carolina Human Affairs Law and Title VII claims and those

claims should be dismissed with prejudice.  Additionally, the district court declines to exercise supplemental jurisdiction over the plaintiff's state law claim for breach of contract which is hereby REMANDED to state court.

IT IS SO ORDERED.

                                                                   G. ROSS ANDERSON, JR.
                                                                   UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
May 27, 2009